UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN AZOR-EL,

                              Plaintiff,

              -against-

CHRISTOPHER YAZZO d/b/a NYPD
Detective Queens 103rd Pct, Tax Reg
#946404; IAN WOODARD d/b/a NYPD
Detective Queens 103rd Pct, Tax Reg
#962175; BRIAN LYONS, Tax Reg
953026, NYPD Detective, Queens, NY;
WALTER MIKOWSKI, Tax Reg #928784,
NYPD Detective, Queens, NY,

                              Defendants.

1:20-CV-6395 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, who is currently held in the North Infirmary Command on Rikers Island, brings

this *pro se* action under the Court's federal-question jurisdiction. He sues members of the New

York City Police Department who are assigned to Queens County, New York, and he seeks

damages. Plaintiff also attempts to remove to this Court a criminal action that may be pending

against him in the New York Supreme Court, Queens County. For the following reasons, the

Court transfers this action to the United States District Court for the Eastern District of New

York.

        Under the general venue provision for federal civil actions, such an action may be

brought in:

        (1) a judicial district in which any defendant resides, if all defendants are residents
        of the State in which the district is located; (2) a judicial district in which a
        substantial part of the events or omissions giving rise to the claim occurred . . . ;
        or (3) if there is no district in which an action may otherwise be brought as
        provided in this section, any judicial district in which any defendant is subject to
        the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. *See* § 1391(c)(1). And a criminal action pending in a state court may only be removed "to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1443.

Plaintiff names defendants that are located in Queens County, and asserts claims arising from events that appear to have occurred in that county. In addition, he attempts to remove to this Court a criminal action that may be pending against him in the New York Supreme Court, Queens County. Queens County lies within the Eastern District of New York. 28 U.S.C. § 112(c). Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claims arose in this district, this Court is not a proper venue under § 1391(b)(1) or (2) for Plaintiff's civil claims. And because Plaintiff's state-court criminal action is not pending in a county within this judicial district, this Court is not a proper venue under § 1443 for removal of his criminal action. Accordingly, the proper venue for this action is the United States District Court for the Eastern District of New York, *see* §§ 1391(b), 1443, and the Court therefore transfers this action to that court, *see* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court also directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this action.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 18, 2020
         New York, New York

                                      COLLEEN McMAHON
                         Chief United States District Judge